IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| H. THOMAS MORAN, II, Receiver of the Assets of LifeTime Capital, Inc. and Certain Affiliated Persons and Entities, : : : | Case No. 3:05CV073 |
| Plaintiff, : | |
| vs. : | District Judge Walter Herbert Rice Magistrate Judge Sharon L. Ovington |
| HOWARD F. WUNDERLICH, M.D., et al., : : | |
| Defendants. : | |

# REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

This case is proceeding upon the parties' agreement to settle their dispute and is presently before the Court upon the parties' Stipulated Motion for Certification of Class of Plaintiffs, Approval of Class Representative, and Brief in Support (Doc. #50), the parties' Joint Motion for Preliminary Approval of Settlement Agreement (Doc. #62), and the parties' Agreed Motion to File under Seal Exhibit A to Joint Motion for Preliminary Approval of Settlement Agreement (Doc. #63).[2]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2] Unless otherwise indicated, document numbers cited herein refer to documents filed in the instant case.

II.  **BACKGROUND**

In early 2004, the Court appointed Plaintiff as the Receiver of the assets of LifeTime Capital, Inc. ("LifeTime") and certain affiliated persons and entities. *See Davis v. LifeTime*, Case No. 3:04CV059 (S.D. Ohio) (Doc. #6).

The Order appointing Plaintiff as Receiver, as later modified, gave him the authority to file civil actions on behalf of the Receivership estate against persons or entities, such as Defendants Dr. Wunderlich, Dr. Corney, and Dr. Whitfield. *See Davis v. LifeTime*, Case No. 3:04CV059 (Doc. #s 6, 23, 141, 381). Pursuant to his judicially-granted authority (in the *Davis v. LifeTime*), the Receiver filed the present case against Defendants on February 22, 2005.

After conducting discovery, on October 25, 2006, the parties appeared in person and with counsel and attended a mediation session conducted by agreement before Chief United States Magistrate Judge Michael R. Merz. (Doc. #45). At the conclusion of the mediation, Magistrate Judge Merz filed a Report notifying the Court that the parties had agreed to settled this case. (Doc. #45). The parties' confirmed Magistrate Judge Merz's Report by filing a Notice on November 17, 2006. (Doc. #47.)

The Court thereafter directed the parties to follow certain procedures to finalize their settlement agreement (Doc. #48), and the parties have since taken these procedural steps. In further compliance with the Court's Order (Doc. #48), the parties have submitted a proposed settlement agreement for the Court's preliminary review and approval, hence the presently pending Motions.

2

### III. THE PARTIES' STIPULATED MOTION FOR CLASS CERTIFICATION

#### A. Applicable Standards

Rule 23(a) of the Federal Rules of Civil Procedure establishes four requirements for certifying a class action:

1. <u>Numerosity</u>: The class is so numerous that joinder of all members is impracticable;

2. <u>Commonality</u>: There are common questions of law and fact among the class members;

3. <u>Typicality</u>: The claims or defenses of the representative party are typical of the claims or defenses of the class; and

4. <u>Fairness and Adequacy</u>: The class representative will fairly and adequately protect the interests of the class.

See *Reeb v. Ohio Dept. of Rehabilitation and Correction*, 435 F.3d 639, 644 (6th Cir. 2006).

The United States Supreme Court requires "district courts to conduct a 'rigorous analysis' into whether the prerequisites of Rule 23 are met before certifying a class.... The trial court has broad discretion in deciding whether to certify a class, but that discretion must be exercised within the framework of Rule 23." *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1078-79 (6th Cir. 1996) (quoting, in part, *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982)).

In the instant case, as explained below, a rigorous analysis of the parties' Stipulated Motion and the requirements of Rule 23 reveals that certification of the putative class of plaintiffs is warranted.

#### B. Class Definition

The parties have agreed and stipulated to the following definition of the putative class:

3

> Those persons or entities who currently or previously invested in or were beneficial owners of or held LifeTime Capital viatical contracts or interests, including without limitation those who are subject to the claims procedure implemented by the Receiver in the case of *Davis v. LifeTime Capital, Inc.*, Case No. 3:04CV059 in the United States District Court for the Southern District of Ohio at Dayton.

(Doc. #50 at 3).

### C. Numerosity

Numerosity is not measured by a strict numerical test. *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006). Rather, "'substantial' numbers usually satisfy the numerosity requirement. *Id.*; *see American Medical*, 75 F.3d at 1079; *see also Basile v. Merrill Lynch, Pierce, Fenner & Smith*, 105 F.R.D. 506, 508 (S.D. Ohio 1985) (Spiegel, D. J.). "[W]hile 'the exact number of class members need not be pleaded or proved, impracticability of joinder must be positively shown, and cannot be speculative.'" *Golden v. City of Columbus*, 404 F.3d 950, 966 (6th Cir. 2005)(citation omitted).

Previous documents filed in *Davis v. LifeTime* establish that the number of class members is approximately 3,000. *See, e.g., Davis v. LifeTime*, 3:04CV059 (Doc. #s 622, at p.3 and 629). Under the circumstances of this case, particularly (but not limited to) the Defendants' alleged role in, and the broad scope of, the underlying fraud involving this large number of Investors in LifeTime, joinder of this number of individuals – many of whom are elderly and/or seriously ill – as parties to the instant case would be impracticable. Consequently, this number of class members is sufficient to satisfy the numerosity requirement of Rule 23(a).[3] *Cf. Daffin*,

---

[3] Detailed descriptions of the underlying fraud appear in Doc. #4 and in *Moran v. A/C Financial, et al.*, 3:05CV071 (S.D. Ohio) (Doc. #546).

458 F.3d at 552 (under the facts presented, thousands of class members met numerosity requirement); *cf. also Davis v. Avco Corp.*, 371 F.Supp. 782, 790 (N.D. Ohio 1974)(excess of 1,000 class members satisfied the numerosity requirement).

Accordingly, under the circumstances of this case, and in light of the parties' agreement and stipulation, the putative class meets the numerosity requirement of Fed. R. Civ. P. 23(a)(1).

### D. Commonality and Typicality

Rule 23(a)'s commonality requirement is met when a case involves issues of law and fact that are common to the putative class members. *See Daffin*, 458 F.3d at 552; *see also American Medical*, 75 F.3d at 1080. The commonality requirement "is qualitative rather than quantitative, that is, there need only be a single issue common to all members of the class." *American Medical*, 75 F.3d at 1080.

"[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *American Medical*, 75 F.3d at 1082 (citing *General Tel. Co. v. EEOC*, 446 U.S. at 330 ("typicality requirement is said to limit the class claims to those fairly encompassed by the named plaintiffs' claims"); *Senter*, 532 F.2d at 525 n. 31 ("[t]o be typical, a representative's claim need not always involve the same facts or law, provided there is a common element of fact or law").

Rule 23(a)'s commonality and typicality requirements are met by the fact that this Court has pooled the claims of all Investors, making them all claimants in the pool of receivership assets available for distribution, including any recoveries resulting from the Receiver's pursuit of third parties like Drs. Wunderlich, Corney and Whitfield. *See Davis v. LifeTime*, 3:04CV059

(Doc. #134). The Court also authorized the Receiver to "prosecute all claims of LifeTime Investors against third parties formerly affiliated with LifeTime, including principals, agents, or independent contractors, for damages in contract or tort," after concluding that any such Investor claims were now Receivership Assets for the benefit of the entire pool of Investors. *See id.* (Doc. #381). And, notwithstanding the pooling of all Investor claims, Investors share common questions of fact and law as to the Defendants in this case and as to LifeTime Capital including whether the products they purchased from LifeTime Capital were securities, whether the life expectancies upon which the Investors relied were validly computed and communicated, whether they received adequate explanations of the risks associated with their investments, and whether LifeTime Capital had improperly been looted of its assets thereby hindering recoveries against that corporate entity.

Accordingly, for the above reasons, and in light of the parties' agreement and stipulation, the commonality and typicality requirements of Rules 23(a)(2) and (3) are met. *Cf. Bacon v. Honda of America Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004) ("The Supreme Court has noted that class certification is 'appropriate ... [when i]t is unlikely that differences in the factual background of each claim will affect the outcome of the legal issue.' *Califano v. Yamasaki* 442 U.S. 682, 701, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) (upholding class certification for litigation of an issue of interest to all social security beneficiaries).").

### E. Fairness and Adequacy

Rule 23(a)'s fairness and adequacy requirements are "essential to due process, because a final judgment in a class action is binding on all class members...." *American Medical*, 75 F.3d at 1083 (citations omitted). Two criteria must be met: "'1) the representative must have common

interests with unnamed members of the class, and 2) it must appear that the representative will vigorously prosecute the interests of the class through qualified counsel." *Id.* (quoting *Senter,* 532 F.2d at 525)(other citations omitted). "The adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members." *American Medical,* 75 F.3d at 1083.

The circumstances facing the Investors in LifeTime Capital, discussed above and in the Court's prior Decisions and Orders, establish that the Receiver has common interest with those who invested in LifeTime Capital regardless of whether they ultimately become class members in this case. The Receiver has demonstrated that he is able to act in the best interests of any non-class members through many of his actions performed in administering the LifeTime Receivership, particularly (but not limited to) his repeated attempts to contact all LifeTime Investors by conducting a nationwide search for Investors, and the establishment of a website describing the Receivership and providing detailed information including, in part, contact information and news about the Receivership cases.[4] In addition, by prior Decisions and Orders pooling the Receivership Assets and authorizing the Receiver to "step in the shoes of" the Investors to pursue any ancillary litigation establish that the Receiver will – indeed, must – vigorously prosecute the interests of the class through qualified counsel.

Accordingly, for the above reasons, and in light of the parties' agreement and stipulation, the fairness and adequacy requirements Rule 23(a)(4) are met.

---

[4] *See* http://www.lifetimereceiver.com

7

F.    **Fed.R.Civ.P. 23(b)(1)(B)**

The parties assert the putative class satisfies the additional requirement of Fed. R. Civ. P. 23(b)(1)(B), which applies to cases where there is a limited fund available to satisfy the class members' claims and the individuals who sue first can deplete the fund leaving subsequent plaintiffs without a remedy. *In re Telectronics Pacing Systems, Inc.*, 186 F.R.D. 459, 474 (S.D. Ohio 1999)(reversed on other grounds, 221 F.3d 870 (6th Cir. 2000)).

The record of this case and *Davis v. LifeTime*, 3:04CV059 supports the conclusion that the funds available to satisfy the claims of the members of the putative class of investors are limited. *See, e.g.*, Doc. #622.

Accordingly, in light of the above and the parties' agreement and stipulation, the limited fund requirement of Rule 23(b)(1)(B) has been met.

IV.   **THE RECEIVER AS CLASS REPRESENTATIVE**

The parties also request an Order appointing the Receiver the class representative. As noted above, previous Orders entered by the Court have pooled the claims of LifeTime Investors and authorized the Receiver to pursue actions on behalf of Investors. Indeed, the Receiver remains under Court Order to act in the best interests of the Investors. *See Davis v. LifeTime*, 3:04CV059 (Doc. #s 3, 23). This case and the Receivership case, *Davis v. LifeTime*, 3:04CV059, involve a highly complex underlying fraud. The Receiver is fully informed about the highly complex facts and legal claims at issue in this case, and is actively engaged in managing the Receivership and promoting the interests of the LifeTime Investors through this case and other ancillary cases related to the Receivership case. In addition, the appointment of any other potential class representative would most likely cost the LifeTime Receivership – and

ultimately the Investors – substantial increases in time and money during the lengthy time period any other class representative would need to gain full knowledge of the highly complex underlying fraud, and the factual and legal issues in this case and in the Receivership case (*Davis v. LifeTime*, 3:04CV059).

Accordingly, for these reasons, and in light of the parties' agreement, an Order appointing the Receiver as the representative of the putative class is warranted.

### IT IS THEREFORE RECOMMENDED THAT:

1. The parties' Joint Motion for Preliminary Approval of Settlement Agreement (Doc. #50) be GRANTED;

2. The parties' Agreed Motion to File Under Seal Exhibit A to Joint Motion for Preliminary Approval of Settlement Agreement (Doc. #63) be GRANTED;

3. The parties' Stipulated Motion for Certification of Class of Plaintiffs and Approval of Class Representative (Doc. #50) be GRANTED and the Court issue an Order preliminarily approving the following putative class:

    Those persons or entities who currently or previously invested in, were beneficial owners of or held LifeTime Capital viatical contracts or interests, including without limitation those who are subject to the claims procedure implemented by the Receiver in the case of *Davis v. LifeTime Capital, Inc.*, Case No. 3:04CV059, in the United States District Court for the Southern District of Ohio at Dayton.

4. If the Court adopts this Report and Recommendations, the above preliminary approval of the putative class should be subject to re-consideration during and after the fairness hearing as required by Fed. R. Civ. P. 23.

5. The fairness hearing should be scheduled on a date at least forty-five days after the date of a Decision (if one issues) adopting this Report and Recommendations for the purpose of allowing the Receiver sufficient time to give each Investor thirty-days notice of the proposed location, date, and time for the fairness hearing.

April 6, 2007

                  <u>s/Sharon L. Ovington</u>
                   Sharon L. Ovington
                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).