**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| H. THOMAS MORAN, II, Receiver of the Assets of LifeTime Capital, Inc. and Certain Affiliated Persons and Entities, | : | |
| | : | Case No. 3:05CV073 |
| Plaintiff, | : | |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| HOWARD F. WUNDERLICH, M.D., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATIONS[1]**

On July 31, 2007, the parties appeared at the final approval and fairness hearing represented by their respective attorneys of record. All persons present were given the opportunity to be heard. This Court has reviewed and considered all of the pleadings, motions and papers filed in connection therewith, all of the presentation of evidence submitted at the hearing.

Before approving a settlement, a district court must conclude that it is "fair, reasonable, and adequate." *Fed R. Civ. P. 23(e)(1)(C)*. The 6th Circuit Court of Appeals has announced several factors which help to guide the inquiry. These include, "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *UAW v.*

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

*GMC*, ___F. 3d ___, __, 2007 WL 2239208 @ *13(6th Cir. 2007).  *See also Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir. 1983).

The Court, having heard the stipulations of the Receiver and the Defendants at the fairness hearing and taking notice of those matters submitted previously in conjunction with this Court's preliminary approval of the settlement, finds as follows:

1. That the form, substance and delivery of the notices provided to class members were fair and reasonable under the circumstances of this case and fairly apprised them of the terms of the proposed settlement and informed them of the time and place of the fairness hearing and how they may register any objection to the settlement, seek additional information concerning the settlement or opt out of the settlement.

2. That the fact that given the large size of the Class, the fact that there has been only one objection made to the settlement agreement weighs heavily in favor of adopting the agreement.

3. That these settlement negotiations, which were mediated by Chief Magistrate Judge Michael R. Merz, were conducted at arms-length, and there is no risk of fraud or collusion among the parties.

4. That, given the expected length and costs of litigation, the likelihood of success on the merits, the amount of discovery conducted, the amount of any likely recovery, the issues concerning the Defendants' potential liability and the risks inherent in litigation, the payment of $20,000 from each of the Defendants represents a fair and reasonable settlement and recovery for the receivership estate and class of investors represented by the Receiver.

5. That counsel for the Defendants, the Receiver and the Class are experienced in matters such as this and exercised care in the representation of the named parties and the class as a whole.

6. That the Receiver's counsel exercised appropriate care in evaluating and negotiating this case for settlement purposes.

7. That, given the amount of time, effort and money spent and to be spent on the prosecution of this action, the issues concerning the potential liability of the Defendants, the inherent risks and uncertainties of litigation and collection, and the value of the benefit rendered to the Receivership estate as a result of this settlement, the settlement agreement is fair, adequate, reasonable and appropriate in all respects.

**IT IS THEREFORE RECOMMENDED:**

a. That the settlement to which the Receiver and the Defendants have agreed be approved;

b. That the settlement agreement between the parties, submitted as Joint Exhibit 1 at the fairness hearing, be executed by all parties;

c. That each of the Defendants, through counsel, be directed to submit to Joseph C. Oehlers of Bieser, Greer & Landis, LLP, 400 National City Center, 6 N. Main Street, Dayton, Ohio 45402, an initial $10,000 settlement payment no later than October 20, 2007, and a final $10,000 settlement payment no later than March 10, 2008;

d. That the aforementioned payments shall be made in certified funds and payable to H. Thomas Moran, II as Receiver of the Assets of LifeTime Capital, Inc.;

e. That within ten (10) days of the final settlement payments by the Defendants, this action be dismissed with prejudice, and;

f. That, upon dismissal of this action, all Class members who did not opt out of settlement, as reflected in the stipulations read into the Court's record at the fairness hearing, be bound by the releases set out in the settlement agreement executed by the Receiver and the Defendants.

September 20, 2007

                                                    s/ Sharon L. Ovington
                                                    Sharon L. Ovington
                                                United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).